IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| George Morris, individually and as a representative of a class | § § § | |
| Plaintiff, | § § | CA No.: 4:17-cv-350 |
| v. | § § | |
| | § | Class Action |
| Hornet Corporation, | § § | Jury Demanded |
| Defendant. | § § | |

**PLAINTIFF GEORGE MORRIS'**
**CLASS ACTION COMPLAINT**

1. George Morris ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff's residential telephone number is/was listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Hornet Corporation ("**Defendant**") or its telemarketing representative or lead generator made marketing solicitations, i.e., calls for the purpose of the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services to Plaintiff's residential phone

3. Because Plaintiff had not given his written consent to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

4. This is the scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

5. Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

6. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

7. Plaintiff is a resident of this District.

8. Upon information and belief Defendant is a Tennessee corporation that solicits business in the State of Texas and has a Tennessee address of 111 Imperial Blvd, Building D400, Hendersonville TN 37075.

**Venue**

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction.

### Article III Standing

11. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Jamison v. Esurance Ins. Servs., Inc.*, No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

12. Plaintiff was harmed by Defendant's actions of calling his residential phone while his number was on the Do Not Call Registry in the following manners:

　　a.　Plaintiff's privacy was invaded by Defendant;

　　b.　Plaintiff was harassed and abused by Defendant's telephone calls;

　　c.　Defendant's calls were a nuisance to Plaintiff;

　　d.　Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

　　e.　Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's telephone;

　　f.　Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

      g.      Defendant's seizure of Plaintiff's telephone line was intrusive; and

      h.      Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

### The Telephone Consumer Protection Act

13.      Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers.  The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

14.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's express consent

15. The national Do Not Call Registry (the "**Registry**") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17. The Federal Trade Commission (FTC) amended the Telemarketing Sales Rule (TSR) to give consumers a choice about whether they want to receive most telemarketing calls. As of October 1, 2003, it became illegal for most telemarketers or sellers to call a number listed on the Registry. The Registry applies to any plan, program, or campaign to sell goods or services through interstate phone calls. This includes telemarketers who solicit consumers, often on behalf of third party sellers. It also includes sellers who provide, offer to provide, or arrange to provide goods or services to consumers in exchange for payment.

18. The Registry does not limit calls by political organizations, charities, or telephone surveyors. A telemarketer or seller may call a consumer with whom it has an established business relationship for up to 18 months after the consumer's last purchase, delivery, or payment—even if the consumer's number is on the

Registry. In addition, a company may call a consumer for up to three months after the consumer makes an inquiry or submits an application to the company. And if a consumer has given a company express written permission, the company may call even if the consumer's number is on the Registry C. However, if a consumer asks a company not to call, the company may not call, even if there is an established business relationship. Indeed, a company may not call a consumer—regardless of whether the consumer's number is on the registry—if the consumer has asked to be put on the company's own do not call list.

19. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

20. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

## Factual Allegations

### Defendant placed telemarketing calls to the Plaintiff

21. Plaintiff is the owner of and user of the residential telephone number 972 --- 9799. Each of the telephone calls referenced below were made to Plaintiff's

residential telephone number 972 --- 9799. None of the calls at issue were placed by Defendant to Plaintiff's residential phone number for "emergency purposes."

22. Beginning on August 15, 2015, Plaintiff began receiving telephone calls directly from Defendant or from Defendant's telemarketing representative who made the telephone calls as the agent for and on behalf of Defendant (all references hereinafter to Defendant will include Defendant's telemarketing representatives).

23. The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services. Specifically, Defendant was seeking to sell investments in oil and gas properties.

24. Plaintiff received the following calls from Defendant:

| Date |
| --- |
| 12-Oct-15 |
| 12-Oct-15 |
| 15-Oct-15 |
| 29-Oct-15 |
| 4-Jan-16 |
| 4-Jan-16 |
| 9-Aug-16 |
| 12-Aug-16 |
| 12-Aug-16 |

25. The calls were placed without the Plaintiff's prior express written consent

26. Plaintiff is not a customer of Defendant and has not provided Defendant with his written consent to be called on his telephone number.

27. All the calls were placed to a telephone number that Plaintiff had listed on the National Do Not Call Registry for more than 31 days prior to the calls.

28. All of the calls were made by Defendant or Defendant's authorized agents and partners in Defendant's solicitation scheme. Thus, all of the calls were made on behalf of Defendant.

**Class Action Allegations**

29. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

30. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, within the four years before the filing of the initial Complaint, received more than one telemarketing call on their residential or cellular line within any twelve-month period from, or on behalf of, Defendant.

31. The classes as defined above are identifiable through phone records and phone number databases.

32. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of calls that he received, that the classes are so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

33. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

34. Plaintiff is a member of the classes.

35. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

    b. Whether Defendant or its agents, within the four years before the filing of the initial Complaint, made more than one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days; and

   c. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

 36. Plaintiff's claims are typical of the claims of class members.

 37. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

 38. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

 39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

 40. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

 41. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Causes of Action

### Count One:
### Violation of the TCPA's Do Not Call provisions

42. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

43. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

44. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." See 47 C.F.R. § 64.1200(c).

45. 47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and

Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

46. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (a) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (b) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (c) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such

calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request…

(d) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(e) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(f) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendant, as set forth in 47 C.F.R. § 64.1200(d)(3).

48. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a record of consent to place telemarketing calls to them.

49. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

50. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

51. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

52. The Defendant's violations were knowing/willful.

53. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

a. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

b. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

e. That the Plaintiff recover his attorneys' fees and costs.

f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## Count Two:

### Injunctive relief to bar future TCPA violations

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

56. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully submitted:

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger
Texas State Bar Number 14171200
Designated as Lead Attorney

The Law Office of Chris R. Miltenberger, PLLC
1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff